## IN THE MATTER OF SECURING COMPENSATION BY ANDREW GONZALES.

### No. 1968.

ARGUED NOVEMBER 26, 1930.          DECIDED DECEMBER 5, 1930.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PERRY, C. J.

The industrial accident board for the City and County of Honolulu, in reserving certain questions of law for the determination of this court, certifies that the facts are as follows: "One Andrew Gonzales, employed by E. W. Quinn Plumbing Company, Limited, an Hawaiian corporation, was injured on December 21, 1928, by falling from a scaffold twenty (20) feet high. His left ankle and right wrist were fractured, resulting in total disability from work commencing December 21, 1928, to and including September 14, 1929, or 37 2/7 weeks, for which the compensation for total disability at the rate of 60%, or $19.04 a week, was paid, aggregating $709.92. Beginning September 15, 1929, to and including March 5, 1930, employee, Andrew Gonzales, was able to perform light work and was paid for partial disability as provided by

law, the total amount of such payment being $294.86, plus an over-payment of $89.01. Beginning March 6, 1930, employee was awarded compensation for permanent partial disability at $15.87 per week, or $68.77 per month, making a total of $4,376.15, subject, however, to the maximum of $5,000.00 as provided by law. To date employee has received the sum of $206.31 on account of said award for permanent partial disability. The total amount received by employee to date from December 21, 1928, is $1,300.10, leaving a balance due under the award of $3,699.90, the present value of which, discounted at 6%, is $3,236.91. The employee and the insurance carrier (Bishop Insurance Agency, Limited) in the instant case have agreed to discharge the liability of the employer under the foregoing award in whole by payment of one lump sum amounting to $2,500.00, and have jointly signed and submitted to the board, for its approval and allowance, an agreement of settlement in the said amount of $2,500.00, although the employee at first held out for a greater amount. The insurance carrier resists any settlement in excess of said amount of $2,500.00. It has not been shown, nor is it claimed, that there is or has been a change in the physical condition of employee since the award for permanent partial disability was made." In addition, the parties have stipulated in open court that Andrew Gonzales was twenty-eight years of age when he received the injury referred to.

The questions reserved are as follows: "1. Has the industrial accident board the power, under the Workmen's Compensation Law of the Territory of Hawaii, to approve and allow a lump sum settlement of an award, such as submitted herein jointly by the employer, through his insurance carrier, and the employee? Do sections 3609, 3633 and 3640 of the Revised Laws of Hawaii, 1925, preclude such action by the board?

"2. Has the industrial accident board the power, under section 3621 of the Revised Laws of Hawaii, 1925, on the application to it by any party interested and upon determining that it is for the best interest of all parties, to commute future weekly or monthly compensation payments: First—at any time after an award for compensation has been made; and secondly—in a lump sum less than the present value of such future compensation payments, such present value being determined by discounting the future payments at the prevailing rate of discount?

"3. Has the industrial accident board also the power to consider and allow, in fixing such lump sum and determining its present value, a further deduction for the possibility of death of the employee during the life of the award, the board basing such allowance on the rating shown by the American Experience Table of Mortality?

"4. If question 2 is answered in the affirmative, has the board the power to order a commutation of payments on the application of the employee in an amount objected to and resisted by the employer?

"5. If question 4 is answered in the affirmative, has the board the same power on the application of the employer, for a commutation of payments in an amount objected to or resisted by the employee?"

The main question reserved is whether the industrial accident board has the power to commute future weekly or monthly compensation payments, which have been already decreed, into a lump sum less than the present worth of such installments. In other American jurisdictions the statutes contain provisions on this subject clearer and more specific than any contained in our statute. In some it is provided that the lump sum awarded shall be the present worth of the installments decreed. In others the rate of interest at which the present worth

shall be computed is also prescribed. The cases cited from other jurisdictions, based as they are upon statutes containing provisions not to be found in ours, are not helpful. The case at bar must be decided in the light of the provisions of our own statute. Section 3621, R. L. 1925, being a part of chapter 209, the Workmen's Compensation Law, reads as follows: "Commutation of payments. Whenever the board determines that it is for the best interest of all parties, the liability of the employer for compensation may, on application to the board by any party interested, be discharged in whole or in part by the payment of one or more lump sums to be fixed by the board." Whether the lump sums to be fixed by the board may be lower than the present worth of the installments decreed is not expressly stated; and so, also, no reference is made to the rate of interest at which the present worth is to be computed. The general purpose of the statute is to assure to workmen who are injured by accident in industrial employment or by disease proximately caused by the employment compensation in certain stated installments. With apparently very great care and much detail the legislature prescribed in the statute the precise amounts (calculated by percentages of wages) which should be paid by the employer or insurance carrier to the injured person, or his dependents in the case of death, for various injuries specifically named. No discretion is left to the industrial accident boards which were created to administer the law in determining the amounts to be paid to an injured person once the nature of his injury is ascertained and defined. Apparently the only discretion left to those boards is to ascertain judicially what the injuries were. It seems difficult to believe that in spite of these detailed, express specifications of amounts payable the boards were intended to be vested with the power to disregard all the specifications and to award any such lesser amounts, in a

lump sum or sums, as to them may seem just. We think that it was not so intended. In section 3609 it was provided that "no contract, rule, regulation or device whatsoever shall operate to relieve the employer in whole or in part from any liability created by this chapter." In section 3633 it was provided that, "if the employer and the injured employee reach an agreement in regard to compensation under this chapter, a memorandum of the agreement shall be filed with the board, and, if approved by it, thereupon the memorandum shall for all purposes be enforceable under the provisions of section 3642, unless modified as provided in section 3640;" but it was also provided in the same section that "the agreement shall be approved by the board only when the terms conform to the provisions of this chapter." These two provisions tend to strengthen the view that the lump sum awards authorized by section 3621 were intended to be not less than the present worth of the installments due.

While it is true that it is declared (section 3641) that "an award of the board shall be final and conclusive between the parties except as provided in section 3640, unless within twenty days after a copy has been sent to the parties, either party appeals to the circuit court of the circuit in which the board is located," and that section 3640 authorizes modification of awards in any cases of fraud or because of change of conditions occurring after the decree, nevertheless we construe section 3621 as authorizing an award in one or more lump sums at any time, even after the expiration of the time allowed by law for appealing from the decree awarding periodical payments. The language used, that "the liability of the employer for compensation may * * * be discharged in whole or in part by the payment of one or more lump sums to be fixed by the board," is as applicable after the rendition of a decree for the payment of installments as it

is before such a decree. The provision that "whenever the board determines that it is for the best interest of all parties" to award a lump sum indicates likewise that this may be done at any time.

The answer to the first and second reserved questions is that whenever the employer and the employee agree upon a lump sum settlement the board has the power to approve the settlement provided the sum agreed upon is not less than the present worth of the installments awarded and unpaid and that the board has the power to order the commutation from installments to one or more lump sums at any time after an award of installments has been made.

The third question need not be answered because, under the American Experience Table of Mortality, Gonzales, at the time of receiving his injury, had a life expectancy of much more than the period for which installments were awarded and therefore the calculation of the present worth of the installments could not be affected by any reference to the mortality tables.

The fourth and fifth questions likewise need not be answered because, under the facts stated by the board, the parties have agreed upon the amount of the lump sum which they are respectively willing to pay and to receive and there is no application by either party which is resisted by the other.

*Hoon Wo Wong,* Deputy City and County Attorney *(J. F. Gilliland,* City and County Attorney, with him on the briefs), for the Industrial Accident Board.

*A. Withington* (*Robertson. & Castle* on the brief) for the employer and the insurance carrier.